### S93A1613. WADLEY v. THE STATE.
(438 SE2d 77)

SEARS-COLLINS, Justice.

Cornelius Wadley was convicted in the Johnson County Superior Court of the malice murder of Willie Coleman, and was sentenced to life in prison.[1] Wadley contends on appeal that the evidence was insufficient to support the verdict. We disagree and affirm.

The evidence authorized the jury to find the following facts: On the night he was killed, Coleman was visiting his girl friend, Tangela Hall, in her home. Wadley, who had previously been romantically involved with Hall, told several other people with whom he was standing outside the house that he was going to follow Coleman when he left the house. While waiting for Coleman to leave, Wadley was seen to retrieve a shotgun from his car, take some shells out of the gun, and then reload it. When Coleman left Hall's house, Wadley got in his car and followed Coleman's truck. According to Wadley, at some point Coleman turned his truck around and proceeded down the street towards Wadley, on the same side of the road. Wadley put his shotgun out of his window and shot at Coleman's truck. The shot went through the windshield of the truck and hit Coleman in the forehead, killing him. Coleman's truck stopped when it hit a pecan tree. Wadley then returned to Hall's house, boasting that he had shot Coleman. In his statement to police, Wadley claimed that he shot in self-defense because Coleman was trying to run him down.

The testimony of the investigating officer supported Wadley's claim that Coleman's truck was traveling towards Wadley when Wadley shot; however, there was also evidence that, based on the minimal damage to Coleman's truck and to the pecan tree, Coleman could not have been traveling fast enough to justify Wadley's reacting with deadly force. Furthermore, the jury was adequately instructed on the law of self-defense. Accordingly, as "[t]his court does not weigh the evidence on appeal or resolve conflicts in trial testimony," *Booker v. State,* 257 Ga. 37, 38 (354 SE2d 425) (1987), and considering the evi-

---

[1] The crime was committed on December 18, 1991. Wadley was indicted on March 16, 1992, tried on June 22-23, 1992, and sentenced on June 23, 1992. Wadley filed his motion for new trial on July 22, 1992. The transcript was certified by the court reporter on October 21, 1992, and the trial court denied the motion for new trial on May 10, 1993. Wadley filed his notice of appeal on June 9, 1993. The appeal was docketed in this court on July 26, 1993, and submitted for decision without oral argument on September 10, 1993.

dence in the light most favorable to the verdict, we find that the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that Wadley is guilty of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 1994.

*Joe H. Thalgott*, for appellant.

*Ralph M. Walke, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Staff Attorney*, for appellee.